IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
STATE OF DELAWARE, DIVISION      :
OF CHILD SUPPORT ENFORCEMENT,    :
and CLEMENTINE PARKER,           :
                                 :
        Petitioners,              :
                                 :
    v.                           :   Civ. No. 06-706-JJF
                                 :
STEPHANIE PARKER,                :
                                 :
        Respondent.              :
```

Stephanie Parker, Pro se Respondent.

**MEMORANDUM OPINION**

February 20, 2007
Wilmington, Delaware

*[signature]*
**Farnan, District Judge**

Respondent Stephanie Parker removed this case from the Family Court for the State of Delaware in Sussex County on November 22, 2006. (D.I. 2.) She appears <u>pro se</u> and on December 29, 2006, was granted <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915. (D.I. 6.) For the reasons discussed below, the Court will summarily remand the case to State Court.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Respondent removed this matter from the Delaware Family Court. The civil cover sheet prepared by Respondent does not indicate a basis for jurisdiction, but it states the case is filed under 28 U.S.C. § 1331, 1443(1) and (2), and § 1343, and the case is described as "proscribed 'racial implications(s)'". <u>Id</u>. Attached as an exhibit is a "Petition For Support Arrears" filed in the Family Court of the State of Delaware, Sussex County. (D.I. 2, Ex.) The Petition seeks a summons for Respondent to show cause why she should not be held in contempt for failure or refusal to comply with a Support Order dated October 6, 2005.

Respondent alleges that her rights will be "illegally abridged" if she is wrongfully compelled to participate in the Family Court proceedings. (D.I. 2.) She alleges racial implications of an unconstitutional nature under 42 U.S.C. § 1981(a). Respondent alleges that she will be treated

unconstitutionally and unfairly in the Delaware Family Court in violation of her right to Due Process. Respondent also alleges that the Child Support Enforcement Sector ("DCSE") is aware that she was injured on the job, that she applied for workers' compensation benefits, and that her benefits have been delayed. Respondent alleges that she cannot get a fair hearing and this is "patently unconstitutional." Other than the copy of the Petition For Support Arrears, the Court was not provided with any process, pleadings, or orders in the child support arrears case.

II. **REMOVAL**

Plaintiff filed her Notice of Removal pursuant to 28 U.S.C. § 1331 (i.e., federal question), 1443(1) and (2) (i.e., removal of civil rights cases), and § 1343 (i.e., civil rights and elective franchise). The underlying state court civil action involves child support in arrears. It is well established that federal courts lack jurisdiction over "[t]he whole subject of the domestic relations of husband and wife, [and] parent and child.'" Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (quoting In re Burrus, 136 U.S. 586, 593-94 (1890) (first alteration in original)); see also 28 U.S.C. § 1331 (giving district courts original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States").

An exception is found in 28 U.S.C. § 1443, which permits removal of a state court action "[a]gainst any person who is

3

denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States. . ." The Supreme Court articulated the precise circumstances required to sustain removal under § 1443(1), clarifying that removal requires satisfaction of a two-pronged test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law "providing for. . .equal civil rights"; and (2) that he is "'denied or cannot enforce' that right in the courts" of the state. State of Georgia v. Rachel, 384 U.S. 780, 788 (1966); Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997).

Respondent alleges that if she is required to participate in the Family Court proceedings she will be treated unfairly based upon "racial implications" in violation of 42 U.S.C. § 1981(a) and in violation of her right to Due Process. There are no allegations, however, of past discrimination by the State Court in its rulings regarding child support. Respondent further alleges that she received a work-related injury, applied for workers' compensation benefits, the benefits have been delayed, and that the DCSE is aware of these facts. Yet these allegations also do not support a claim of racial discrimination. Moreover, many of the allegations speak to speculative future racial discrimination. That is, Respondent alleges she "will be" treated unfairly or unconstitutionally, not that she has been

treated in that manner.

Respondent's allegations are insufficient to support an inference of racial discrimination. Nonetheless, even assuming they had, she must show that she will be denied or cannot enforce her rights in the state courts. 28 U.S.C. § 1443(1); Davis v. Glanton, 107 F.3d at 1047 (citing State of Georgia v. Rachel, 384 U.S. at 788. There are no allegations to suggest that if in fact Respondent's rights have been violated, an appeal to the state appellate courts would be ineffective to vindicate those rights. Therefore, she has not established her entitlement to removal pursuant to § 1443(1). See City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966) (Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted. . . that those rights will inevitably be denied. . . .").

Respondent's second basis for removal under § 1443(2) fares no better. This section pertains to removal by federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights," and thus, has no application here. Peacock, 384 U.S. at 824.

Finally, Respondent failed to comply with the requisites for removal. She did not provide for the Court's review any copies of process, pleadings, or orders from the state civil proceeding

5

other than the Petition For Support Arrears. See 28 U.S.C. § 1446(a). Nor does it appear that she gave notice of the removal to the State of Delaware, the DSCE, or Clementine Parker. Based upon the foregoing, it is clear from the face of the Notice of Removal and the exhibit provided by Respondent that removal cannot be permitted.

V. **CONCLUSION**

For the reasons discussed above, the Court will summarily remand the case to The Family Court Of The State Of Delaware, Sussex County. An appropriate Order will be entered.